IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TIMOTHY MUMPHREY                                                                    PETITIONER
REG. #19680-001

V.                                        NO.  2:05CV00169 JWC

LINDA SANDERS, Warden,                                                            RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Timothy Mumphrey, an inmate in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the decision of the Bureau of Prisons (BOP) finding him ineligible for placement in a community corrections center (CCC) (docket entry #1).  Respondent has filed a response (docket entry #4), and Petitioner has replied (docket entry #7).  For the reasons that follow, the petition is DENIED.[1]

Petitioner is currently serving a ninety-seven-month sentence of imprisonment as a result of his convictions for distributing cocaine base (crack), arising from the United States District Court for the Northern District of Alabama.  He was sentenced on November 30, 1995, was committed to BOP custody on January 10, 1996, was transferred to FCI-FC on July 24, 2001, and has a projected release date of June 8, 2006.  (Severson Decl. ¶¶ 2-3, att. 1 & 2.)[2]

In this action, Petitioner says he believes he should serve the last six months of his sentence in a CCC but that the BOP has improperly refused to permit him any CCC time

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #8).

[2] This declaration, attached to docket entry #4, is from Daniel R. Severson, a paralegal specialist with the BOP whose duties include providing information and documents that are pertinent to civil actions involving the BOP and its employees.

due to certain outstanding municipal charges. He argues that the charges at issue are more than ten years old, they are "in suspense," and they will "likely result" in only a fine. He says no detainers, holds or warrants have been requested or issued. He contends that, by determining him ineligible for CCC placement due to these charges, the BOP is acting arbitrarily and capriciously and in violation of federal statutory law and BOP policy.

According to established BOP policy, inmates "shall not ordinarily participate in CCC programs" if they have "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement." BOP Program Statement 7310.04, § 10(f) (Dec. 16, 1998) (Severson Decl., att. 3). A memorandum dated June 7, 2005, to Respondent from Petitioner's unit manager states that Petitioner was not recommended or approved for CCC placement due to "unresolved pending charges, or detainers." The memorandum explains: "Mumphrey has three pending charges in the Birmingham, Alabama, Municipal Court. The charges are for Violation of the State Firearm Act, Assault and Battery, and Harassment. Contact with this jurisdiction revealed that Mumphrey must make an appearance before the court when he is released." (Severson Decl., att. 4.) A letter from the Birmingham Municipal Court, dated June 3, 2005, confirms the nature of the three offenses. (Pet'r Ex. A, p.1.)[3] The letter states that the charges are "in suspense" and that, "at the present time," no hold is requested. The letter further states that the offenses "require an appearance before a Municipal Court Judge" and that the court "would like Defendant Mumphrey to report upon his release."

---

[3]This exhibit is attached to the petition (docket entry #1) and contains several documents. Its pages are not numbered and will be referred to in the order of their attachment.

Under these circumstances, it was reasonable for the BOP to conclude that Petitioner had "unresolved pending charges ... which will likely lead to arrest, conviction, or confinement."  Regardless of whether they are currently "in suspense" and regardless of the ultimate punishment expected to be imposed, the charges are still in existence, they have not been dismissed or otherwise resolved, and nothing indicates that the Birmingham authorities do not intend to follow them through to conviction.

Petitioner also refers to 18 U.S.C. § 3624, which provides:

> **Pre-release custody.** – The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement.

Petitioner argues that the BOP is failing to comply with its responsibility under this statute, thereby hindering his rehabilitative efforts, by releasing him in the community after ten years of imprisonment "unprepared for the outside world," rather than allowing him to spend at least the last six months of his sentence in a CCC.

Under Eighth Circuit law, § 3624(c) obligates the BOP to "facilitate the prisoner's transition from the prison system" by "formulat[ing] a plan of pre-release conditions," but it does not require placement in a CCC.  Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004).  As stated in Elwood:

> This plan **may include** CCC placement, home confinement, drug or alcohol treatment, or any other plan that meets the obligation of a plan that addresses the prisoner's re-entry into the community.  Likewise, the obligation is qualified by the phrase "to the extent practicable."  Security concerns or space limitations in a CCC near the prisoner's home are among the factors that may make it impractical to transfer a prisoner to a CCC for all or even part of the transition period.

3

Id. (emphasis added).  Petitioner does not contend that the BOP has failed to formulate any kind of pre-release plan.  In fact, a BOP "Sentence Monitoring Computation Data" sheet, submitted by Petitioner, shows a "pre-release preparation date" of December 8, 2005.  (Pet'r Ex. A, p.4.)  Other BOP documentation, including a "Program Review Report" dated February 15, 2005, shows that Petitioner had obtained his GED while imprisoned, had completed seven RPP (release preparation participation) courses, had participated in several educational and vocational programs, and planned to complete at least one more vocational training or college course and save money in anticipation of his release.  (Id. pp. 8-10.)

Under these circumstances, it is obvious that the BOP has been providing opportunities for Petitioner to prepare for his re-entry into the community.

In his reply to Respondent's response, Petitioner presents several arguments supporting a challenge to the BOP's February 2005 rule limiting CCC placement to only the last ten percent of the prison sentence being served, not to exceed six months.  See 28 C.F.R. §§ 570.20, 570.21 (2005).  This policy has been declared invalid by multiple decisions from this Court and others because it categorically excuses the BOP from considering the specified statutory factors when determining whether an individual inmate should be placed in a CCC.  See 18 U.S.C. § 3621(b) (relevant factors include the resources of the various facilities, the nature and circumstances of the prisoner's offense, the prisoner's history and characteristics, and any recommendations of the sentencing court); see Woodall v. Federal Bureau of Prisons, No. 05-3657, 2005 WL 3436626, *6 (3d Cir. Dec. 15, 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for

making placement and transfer determinations"); see also, e.g., Mitchell v. Sanders, No. 2:05cv00156-JWC (E.D. Ark. Oct. 11, 2005) (§ 3621(b) requires the BOP to consider the listed factors before determining the appropriate facility for an inmate, and the February 2005 rule fails to consider these factors with respect to placement of inmates in a CCC); Fults v. Sanders, No. 2:05cv00091-GH (E.D. Ark. July 26, 2005) (same); Pimentel v. Gonzales, 367 F. Supp. 2d 365, 374 (E.D.N.Y. 2005) (February 2005 rule categorically "removes all discretion in all cases in determining whether to transfer an inmate to a CCC at any time prior to the last ten percent of the inmate's sentence").

Here, the record shows that the BOP's determination of CCC ineligibility was based, not on mechanical application of the February 2005 ten-percent rule, but on Petitioner's individual circumstances, i.e., his pending charges. His arguments based on the February 2005 rule are out of place in this proceeding.

Because the petition is without merit as discussed above, it is unnecessary to address Respondent's alternative argument that Petitioner has failed to exhaust his administrative remedies within the BOP.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1) is DENIED in its entirety with prejudice.

IT IS SO ORDERED this 9th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE